**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ANA MARIA MORALES GARCIA,
Petitioner,
v.
WARDEN, et al.,
Respondents.

Case No. 5:26-cv-05869-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

On September 30, 2026, Ana Maria Morales Garcia ("Petitioner") filed Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), seeking immediate release from Respondents' custody at the Adelanto Immigration and Customs Enforcement Processing Center.[1] (Dkt. 1 at 7). The Court reviewed the Petition and Respondents' Answer. For the following reasons, the Court grants the Petition and orders Respondents to provide Petitioner Ana Maria Morales Garcia (A#249250557) an individualized bond hearing before an immigration judge within seven days of this order.

///

[1] All citations to Petitioner's and Respondents' filings refer to the pagination numbers added to the header when docketed in the Case Management/Electronic Case File system.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a national and citizen of Colombia. (Dkt. 11-1 at 5.) On May 13, 2024, Petitioner was encountered by United States Border Patrol ("USBP") near the Tecate, California, Port of Entry after entering the United States without inspection or parole. (*Id.* at 4.) On June 21, 2024, Petitioner was served with a Notice to Appear. (*Id.*) Petitioner was released from USBP custody on July 20, 2024, after it was determined Petitioner was not a flight risk or danger. (Dkt. 1 at 6.) Petitioner remained at liberty for over two years. (*Id.*) On an unknown date, Petitioner filed an application for asylum and withholding of removal. (*See id.* at 5-6.) That application appears to have been denied as Petitioner filed an appeal with the Board of Immigration Appeals on July 24, 2024. (*See id.*) An immigration judge ordered Petitioner's removal to Colombia on September 17, 2026. (Dkt. 11-1 at 4.)

Petitioner has criminal history. (Dkt. 11-1 at 4.) Petitioner was arrested on September 19, 2026, for violating California Vehicle Code 23153(A) – Driving Under the Influence of Alcohol with Injuries. (*Id.*) The Pacific Enforcement Response Center received an Immigration Alien Response due to Petitioner's arrest. (*Id.*) The Pacific Enforcement Response Center lodged Form I-247A: Immigration Detainer – Notice of Action; law enforcement released Petitioner from custody. (*Id.*)

On September 23, 2026, Petitioner reported to the Intensive Supervision Appearance Program Office in Chatsworth, California, and was detained by Enforcement and Removal Officers pursuant to Petitioner's Final Order of Removal and recent arrest. (Dkt. 11-1 at 4.)

On September 30, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner brings three claims: Fifth Amendment Procedural Due Process violation, Fifth Amendment Substantive Due Process Violation, and Administrative Procedure Act violation. (*Id.* at 6.) For relief, Petitioner requests, among other things, immediate release and for Respondents to be enjoined from re-detaining Petitioner absent seven days' notice and a pre-deprivation hearing before an immigration judge. (*Id.* at 7.)

On October 9, 2026, the Court filed a Text Only Entry stating, "Respondents have not filed a notice of appearance. If Respondents intend to appear in this matter, they must file a notice of appearance within 24 hours. If Respondents do not intend to appear in this matter, the Court requests that Respondents file the Form I-213 for Petitioner no later than 4:00 p.m. on October 12, 2026." (Dkt. 8.)

On October 13, 2026, Respondent's filed Federal Respondents' Response to Petition for Writ of Habeas Corpus ("Answer"). (Dkt. 11.) Respondents argue (1) "Petitioner Has Not Shown That the Government Lacked Authority to Detain Her, Or That the Remedy Would Be His Immediate Release"; (2) "Relief, if Any, Should be Limited to a Bond Hearing"; and (3) "Petitioner is Not Entitled to Notice and a Pre-Deprivation Hearing". (*Id.* at 3-7.)

Petitioner's reply was due on October 27, 2026. Petitioner has not filed a reply.

## III. ANALYSIS

### A. Habeas Jurisdiction

A writ of habeas corpus may be granted to any petitioner who demonstrates "he is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). A petitioner bears the burden of proving by the preponderance of the evidence that he is entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### B. Exhaustion

As an initial matter, the Court finds exhaustion of administrative remedies is not warranted. "Courts may require prudential exhaustion if '(1) agency expertise makes

agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.' " *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). However, a court may waive the exhaustion requirement if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citation omitted).

Petitioner would "suffer significant irreparable harm" in the form of continued detention "if forced to wait for an administrative appeal to be decided." *Villa v. Mullin*, No. EDCV 26-01690-JDE, 2026 WL 1583941, at *4 (C.D. Cal. June 2, 2026). Accordingly, the Court exercises its discretion to waive the prudential exhaustion requirement for Petitioner.

**C. Petitioner's Procedural Due Process**

The Court agrees that Petitioner's detention since September 23. 2026, without notice and a pre-detention hearing, violates the Due Process Clause of the Fifth Amendment.[2] (Dkt. 1 at 6.)

Under the Due Process Clause, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment . . . lies at the heart of the liberty" protected by the Due Process Clause. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). "[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id*. at 693. As the Supreme Court recently reaffirmed, the Fifth Amendment "entitles [noncitizens] to due process of law

---

[2] Because the Court finds Petitioner is entitled to relief based on this claim, the Court declines to consider Petitioner's other claims.

in the context of removal proceedings." *A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025) (citation modified) (quoting *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025)).

"Due process is flexible and calls for such procedural protections as the particular situation demands." *United States v. Rivera-Valdes*, 157 F.4th 978, 991 (9th Cir. 2025) (citation modified) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481(1972)). In general, due process "requires some kind of a hearing before the State deprives a person of liberty or property." *Shinault v. Hawks*, 782 F.3d 1053, 1058 (9th Cir. 2015) (citation modified) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). To determine "whether a pre-deprivation hearing is required and what specific procedures must be employed at that hearing given the particularities of the deprivation," courts apply the three-part balancing test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Yagman v. Garcetti*, 852 F.3d 859, 864 (9th Cir. 2017) (citation modified) (quoting *Shinault*, 782 F.3d at 1057). Under the *Mathews* test, courts consider "(1) the private interest affected; (2) the risk of erroneous deprivation through the procedures used, and the value of additional procedural safeguards; and (3) the government's interest, including the burdens of additional procedural requirements." *Id*. (citation modified) (quoting *Shinault*, 782 F.3d at 1057).

Additionally, while the U.S. Constitution generally requires some kind of hearing before the State deprives a person of liberty or property, there still may be situations in which a prompt post-deprivation hearing is appropriate. *See Guillermo M. R.*, 791 F. Supp. 3d 1021, 1035-36 (N.D. Cal. July 17, 2025). The Courts recognize that there may be situations where an urgent arrest is required and a prompt post-deprivation hearing is appropriate. *See Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025) (*citing Zinermon*, 494 U.S. at 128 (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R.*, 2025 WL 1983677, at *9 ("absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ").

**1. Petitioner has a substantial private interest in remaining out of immigration custody.**

First, Petitioner has a substantial private interest in remaining out of immigration custody. Petition unlawfully entered the United States in 2024, encountered USBP, and was released after she was determined not to be a flight risk or danger. (*See* Dkt. 1 at 6; Dkt. 11-1 at 4.) Since July 2024, Respondents, with "full knowledge of Petitioner's identity, immigration status[,] and location . . . continuously elected not to detain [her] while exercising authority over [her] legal proceedings." *Zhou v. Janecka*, No. EDCV 26-04167-DTB, 2026 WL 2365550, at *5 (C.D. Cal. Aug. 14, 2026). This decision to allow Petitioner to live freely in the community for over two years gave rise to "the most elemental of liberty interests – the interest in being free from physical detention by one's own government*." Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004).

Additionally, while Respondents' decision not to detain Petitioner was discretionary, *see* 8 U.S.C. § 1226(a), that decision nonetheless created a protected interest in remaining at liberty while the government processed her application. *Zhou*, 2026 WL 2365550, at *4 (collecting cases finding a protectable interest where the government decided "not to detain [a petitioner] or otherwise impede [their] liberty while exercising authority over [them] for purposes of adjudicating [their] applications for immigration relief"); *see also Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) ("Governmental actions may create a liberty interest entitled to the protections of the Due Process Clause."). Petitioner relied on this liberty interest to live freely and "form the [] enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. The length of Petitioner's freedom, over two years, only strengthens her interest in her continued freedom from immigration detention. *See Doe*, 787 F. Supp. 3d at 1093 (finding the government's actions in conditionally allowing the petitioner to live outside immigration custody for five years created a protected liberty interest); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (finding the more than two years a petitioner lived outside of immigration custody "heightened" her liberty interest).

Petitioner, however, was arrested September 19, 2026, for Driving Under the Influence and was later released from LAPD custody despite the Department of Homeland Security ("DHS") lodging an immigration detainer. (Dkt. 11-1 at 4.) DHS then detained Petitioner, pursuant to a warrant, four days later. (*Id.*) While the first *Mathews* factor weighs in favor of Petitioner, it does not weigh as strongly as it would for a noncitizen without any showing of material changed circumstances, particularly where such circumstances may be relevant to the assessment of dangerousness or flight risk. *See Hernandez v. Mullin, et al.*, No. 2:26-cv-02034, 2026 WL 1998571, at *5 (W.D. Wash. July 10, 2026).

**2. The risk of erroneous deprivation is high.**

Second, the risk of erroneous deprivation is high without a pre-detention hearing. Civil immigration detention is "nonpunitive in purpose and effect" and is permissible only to reduce the risk of flight or danger to the community. *Zadvydas*, 533 U.S. at 690; *see also Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions.") The government permitted Petitioner to remain at liberty for nearly two years after being released from USBP custody. (Dkt. 1 at 6.) During this time, Petitioner contends Petitioner filed an appeal with the Board of Immigration Appeals pertaining to an application for asylum and withholding of removal. (*See id.* at 5.) Respondents did not address or disagree with this assertion. (*See generally* Dkt.11.) Petitioner, however, was recently arrested for Driving Under the Influence, leading to Petitioner's detainment four days later. (Dkt. 11-2 at 4.) While the second *Mathews* factor also weighs in favor of Petitioner, it does not weigh as strongly as it would for a noncitizen without any showing of material changed circumstances, particularly where such circumstances may be relevant to the assessment of dangerousness or flight risk.

///

**3. Government's Interests**

The final *Mathews* factor is the government's interest. The Government's interest in enforcing immigration laws, including "protecting the public from dangerous criminal [noncitizens]" and "securing [a noncitizen's] ultimate removal," are "interests are of the highest order." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). "These interests are in fact served by the individualized determination by an immigration judge, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established procedures." *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1161 (D. Nev. 2025). The Court can identify no reason that an individualized hearing would interfere with Respondents' interests. Respondents have not demonstrated that the administrative burden of providing a timely post-deprivation hearing is outweighed by the serious risk of erroneous deprivation, and the Petitioner's interest in continued liberty. As such, the third *Mathews* factor weighs in Petitioner's favor to have a prompt hearing that addresses the basis for Petitioner's re-detention.

On balance of the *Mathews* factors, the Court finds that a prompt post-deprivation hearing to be consistent with due process where such hearing considers the grounds for Petitioner's detention and Petitioner's flight risk and risk of dangerousness generally.

Thus, Petitioner is entitled to habeas relief for Petitioner's due process claim.

**D. Appropriate Relief**

A bond hearing—where the Government bears the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community—is the appropriate relief. *See Kou v. Warden of the Adelanto Ice Processing Ctr.*, No. 5:26-CV-02923-AJR, 2026 WL 1722906, at *4 (C.D. Cal. June 11, 2026) (finding that petitioner's re-detention was triggered by an arrest, and the proper remedy for a due process violation was a prompt bond hearing where the government bears burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the

community); *Guerrero Alfaro v. Warden Golden State Annex Det. Facility*, No. 1:26-CV-02983-JLT-EPG-HC, 2026 WL 1224249, at *4 (E.D. Cal. May 5, 2026), report and recommendation adopted sub nom. *Alfaro v. Warden Golden State Annex Det. Facility*, No. 1:26-CV-02983 JLT EPG (HC), 2026 WL 1272626 (E.D. Cal. May 8, 2026) (ordering bond hearing for petitioner who was "detained after he was arrested for aggravated assault – strangulation of a domestic violence victim"). Having reached the above conclusion on Petitioner's procedural due process claim, the Court declines to address Petitioner's other claims.

## IV. RECCOMENDATION

For the reasons stated, the Court grants the Petition and orders Respondents to provide Petitioner Ana Maria Morales Garcia (A#249250557) an individualized bond hearing before an immigration judge within seven days, where the Government bears the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. Respondents must file a notice of compliance within seven days of the bond hearing.

DATED: November 19, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge